### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH GOODWIN,** | : | **Case No.  1:15-CV-0027** |
| Administrator of the Estate of Tanisha | : | |
| Anderson, Deceased | : | **Judge Donald C. Nugent** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **PROPOSED PROTECTIVE ORDER** |
| | : | |
| **CITY OF CLEVELAND, et al.,** | : | |
| | : | |
| **Defendants.** | | |

Pursuant to agreement of the parties and because the Court is satisfied that the proposed order protects the interests of the parties, the public and the Court, it is ORDERED:

- The City of Cleveland shall produce a Bates-stamped copy of every document, record and other tangible thing that relates to any investigation in the City of Cleveland's possession into the death of Tanisha Anderson, including any criminal investigation, administrative investigation, *Garrity* Statements and all documents and things related to the death investigation of her death.  These records shall be marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

- The Court will conduct an *in camera* inspection of the files to determine which documents, records, and other tangible items are discoverable in this case, and, by court Order, will identify, referencing the applicable Bates-stamped number(s),  those documents, records, and other tangible items which are discoverable in this case.  The City of Cleveland will produce the files referenced above to the Court for an *in camera* inspection no later than ten (10) days from the date this Protective Order is signed by the Court.

- If the Court issues an Order identifying the documents, records, and other tangible  items which are discoverable in this case, any party to this case can request that the City, at the requesting party's expense, provide the requesting party with a copy of those documents, records, and other tangible items the Court has deemed  discoverable in this case.

- Any party desiring to determine whether the City has produced a complete copy of those documents, records, and other tangible items the Court has deemed  discoverable

1

in this case may compare the documents, records, and other tangible items produced by the City with the documents, records, or other tangible items in the Court's possession.

- If the Court issues an Order identifying documents, records, and other tangible items which are discoverable in this case, the following terms apply:

- **Form.** Any party copying or intending to use any of the documents, records, or other tangible items which are the subject of this Protective Order in connection with any court filing, during discovery, in filing or responding to a dispositive motion, in obtaining or using an expert report, during trial, or in any other manner regarding this case (including any future appeal(s)) shall place or affix the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on all pages of the document or record or on all copies of the tangible item.

- **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

- **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

- **Filing.** Any party using all or part of any document, record, or other tangible item which is the subject of this Protective Order in connection with any court filing shall mark the document, record, or other tangible item "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and file it "UNDER SEAL". To the extent that a brief, memorandum or pleading references any document marked as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER", then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. Before any document marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER DOCUMENTS", displaying the case  name, docket number, a designation of what the document is, the name of the party  in whose behalf it is submitted, and name of the attorney who has filed the  documents on the front of the envelope. A copy of any document filed under  seal shall also be delivered to the judicial officer's chambers.  To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents.  The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**Depositions.**  Any document, record, or other tangible item which is the subject of this Protective Order and which is used by any party during any deposition(s) in the above-captioned case shall be marked or affixed with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on all pages of the document or record or on all copies of the tangible item; shall be kept and  maintained by the party using the item during the deposition(s) (with a marked  copy of each item being provided to all parties attending the deposition(s)), subject to the filing and trial usage requirements of this Protective Order; and  shall not be provided to the court reporter(s) used to record the deposition.  The portion of any deposition testimony regarding any item that is the subject of this  Protective Order shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- **Trial.**  Any party intending to present at trial any document, record, or other tangible item which is the subject of this Protective Order (i.e., marked or affixed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER) shall provide 30 days advance notice to the other parties to this case by identifying the document,  record, or tangible item at issue as specifically as possible (i.e., by reference to Bates-stamp number) without actually divulging the actual "CONFIDENTIAL –  SUBJECT TO PROTECTIVE ORDER" document(s) or information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

- **Action by the Court.**  Applications to the Court for an order relating to any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE  ORDER" shall be by motion under Local Rule 7.1 and any other procedures set  forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

- **Non-disclosure.**  Documents designated "CONFIDENTIAL - SUBJECT TO

3

PROTECTIVE ORDER" shall not be used or disclosed by the parties, counsel for the parties or any other persons identified below (i.e., Limited Third-Party Disclosure) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action [adversary proceeding], including any appeal thereof. Any document, record, or other tangible item covered by the Protective Order shall be deemed and held confidential and shall not be used case in connection with any other matter other than the above-captioned federal civil lawsuit. Any document, record, or other tangible item covered by the Protective Order shall not be provided to the United States Department of Justice; any United States Attorneys' Office; any other department, division, or other administrative unit of the federal government; any agent of the federal government; to the State of Ohio; to any political subdivision, administrative unit, or agent of the State of Ohio.

**Limited Third-Party Disclosure.** Any document, record, or other tangible item covered by the Protective Order shall not be disclosed to any third person or entity other than: (1) Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action; (2) Parties and employees of a party to this Protective Order; (3) Consultants, investigators, and experts employed by the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound, to Appendix L of the Local Rules of the United States District Court, Northern District of Ohio; and (4) Other persons only by written consent of Plaintiff and the City or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound, to Appendix L of the Local Rules of the United States District Court, Northern District of Ohio.

- **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

- **Order Remains in Effect On Conclusion of Litigation.** Unless otherwise agreed or ordered, this Protective Order shall remain in force unless and until it is modified by further order of the Court and shall remain in force after dismissal or entry of final judgment not subject to further appeal.

- **Return of CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in 5(d), shall be returned to the producing party unless: (1) the document has been offered into

4

evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

- **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

- **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

- **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**


_____

Donald C. Nugent
United States District Judge

evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

- **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

- **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

- **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**

*Donald C. Nugent 7/30/15*

Donald C. Nugent
United States District Judge

5