UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GOODWIN, adm'r, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CLEVELAND, )<br>  et al., )<br>)<br>Defendants. )<br>) | Case No. 1:15CV0027<br><br><br>JUDGE DONALD NUGENT<br>(Magistrate Judge Mchargh)<br><br><br>MEMORANDUM<br>AND ORDER |

McHARGH, Mag.J.

The plaintiff, Elizabeth Goodwin, as administrator of the estate of Tanisha Anderson, has filed a suit in this court against defendants City of Cleveland and Cleveland police officers Scott Aldridge and Bryan Myers. The case involves the alleged wrongful death of Ms. Anderson, allegedly at the hands of police officers who were responding to a call for assistance involving a mental health episode.

The complaint alleges four counts:

1. Excessive force.  42 U.S.C. § 1983.

2. Wrongful death.  Ohio Rev. Code § 2125.02.

3. Assault, and Battery.

      4. Violation of the Americans with Disabilities Act.

(Doc. 1, Compl., at §§ 55-63.) Proceedings in the case have been delayed while a criminal investigation of the officers' conduct has been ongoing. *See, e.g.*, doc. 23, 28, 32, 34, 37.

      Currently before the court is the Motion to Quash and for Protective Order (doc. 39), filed by Non-Party Cuyahoga County Sheriff's Office ("CCSO"). The motion seeks to quash a March 25, 2016, subpoena to produce documents which was served on the Public Records Manager of the CCSO. (Doc. 39, Exh. A.) The court held a status conference via telephone on April 20, 2016, and heard arguments from the interested parties. The court also considered the memorandum in support of the motion (doc. 39), and the opposition filed by the plaintiffs (doc. 40).

      The motion to quash (doc. 39) is DENIED, for the following reasons.

      The motion is based on the assertion that the documents sought are privileged communications, protected by the "confidential law enforcement investigatory privilege," under Ohio Rev. Code § 2317.02, or as attorney work product[1]. (Doc. 39, at 1.)

      The plaintiffs respond (and CCSO does not contest) that they are "simply seeking a copy of the statements the family members have made to Cuyahoga County investigators." (Doc. 40, at 1.)

---

    [1] The court considers these interview statements to constitute raw "oral information transmitted . . . and recorded as conveyed," In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002), cert. dismissed, 539 U.S. 977 (2003), concerning the underlying facts of the incident, which would not be protected under the attorney work product doctrine.

Federal courts apply the federal law of privilege to all federal law claims. *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000); *Urseth v. City of Dayton*, 110 F.R.D. 245, 253 (S.D. Ohio 1986).  The Sixth Circuit has not ruled on the existence of the law enforcement privilege.  *See, e.g.*, *Dean v. F.D.I.C.*, 389 F.Supp.2d 780, 791-792 (E.D. Ky. 2005) (not recognizing privilege in that case); *but see, e.g.*, *Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, No. 2:05CV0673, 2006 WL 3311514, at *3 (S.D. Ohio Nov. 13, 2006) (common law privilege recognized in both state and federal courts).  Several other circuits have recognized the privilege.  *See, e.g.*, *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997); *In re Department of Investigation of the City of New York*, 856 F.2d 481, 483-484 (2d Cir. 1988).

Even those courts which have recognized the privilege have recognized its limits:

> The law enforcement investigatory privilege is not absolute. It can be overridden in appropriate cases by the need for the privileged materials. The balancing of that need – the need of the litigant who is seeking privileged investigative materials – against the harm to the government if the privilege is lifted is a particularistic and judgmental task [within the discretion of the district judge].

*Dellwood Farms*, 128 F.3d at 1125 (internal citation omitted).  *See also Urseth*, 110 F.R.D. at 253 (privilege to be determined by case-by-case balancing).  In balancing the competing interests, the purpose of the privilege is relevant, namely, "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to

prevent interference with an investigation." *In re Department of Investigation*, 856 F.2d at 484. The mere invocation of an ongoing investigation is insufficient to support the claim of privilege. *Kitevski v. City of New York*, No. 04CIV7402, 2006 WL 680527, at *3 (S.D. New York Mar. 16, 2006).

The privilege asserted requires a balancing of the conflicting interests, rather than the simple assertion of privilege. *See, e.g.*, *Dellwood Farms*, 128 F.3d at 1125; *Urseth*, 110 F.R.D. at 253; *Frankenhauser*, 59 F.R.D. at 344. The court has considered the particular considerations which apply concerning police investigatory files in a civil rights case, as set forth in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). Many of the factors which would ordinarily weigh against disclosure are not present here. For example, the production of the statements to plaintiffs would not prejudice the criminal investigation, or jeopardize other legitimate law enforcement interests. In this case, the court finds the balance weighs in favor of the production of the statements to the plaintiffs.

The motion to quash (doc. 39) is DENIED.

IT IS SO ORDERED.

Apr. 20, 2016                    /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge