IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GOODWIN,                                              )    CASE NO.  1:15 CV 27
                                                     )
      Plaintiff,                                     )
                                                     )
v.                                                   )    JUDGE DONALD C. NUGENT
                                                     )
CITY OF CLEVELAND, OHIO, *et al.*,                   )
                                                     )
      Defendant.                                     )    MEMORANDUM OPINION
                                                     )    AND ORDER

Before the Court is Plaintiff's Motion to End Stay of Proceedings Against Defendants

Aldridge and Meyers and for Status Conference, (ECF #41), and Defendants, Scott Aldridge and

Bryan Myers' Motion to Continue Stay of Defendant Officers Answer Date Pending Completion

of Ongoing Criminal Investigation. (ECF #47).  The Court has been granting Mr. Aldridge and

Mr. Myers' ("the Officers") extensions to their responsive pleading deadline since April of 2015

because there have been on-going investigations by Cuyahoga County, and now the State of

Ohio's Attorney General's Office involving the Officers.  Plaintiffs have not previously opposed

these extensions. (ECF # 12, 14, 15, 16, 23, 28, 32 ).  Despite the extensions provided to the

Officers, the other Defendants have responded to the Complaint, and discovery has been moving

forward.

During the last fourteen months, the parties have agreed that because discovery was able to proceed, the stay for the officers did not impose a significant burden on the Plaintiff's pursuit of her case.  Plaintiff now feels, however, that a stay is no longer warranted as discovery has progressed to the point where the input of the officers is necessary to advance the case, and because the criminal investigation has been repeatedly delayed and, after fourteen months, no indictment has been issued.  The Defendant Officers argue that the stay should be continued because so long as an investigation is pending, their Fifth Amendment rights would interfere with their ability to participate fully in civil discovery.  In addition, they contend that the Plaintiff's right to an expedient trial will be protected because the state criminal proceedings are subject to speedy trial requirements; that lifting the stay would create the potential for contradictory decisions in parallel proceedings; and that the overlapping nature of the civil case and the criminal investigation creates a danger of duplicative efforts for the courts, the witnesses, and the parties.

The Court is sensitive to the concerns of the Officers and their desire to protect their Fifth Amendment rights in association with the criminal investigation, as well as the other considerations outlined in the *Younger* abstention doctrine and subsequent cases. *See, Younger v. Harris*, 401 U.S. 37, 43 (1971).  However, this doctrine does not require the Court to postpone a civil trial indefinitely when a criminal investigation is repeatedly delayed and no indictment has been issued. *See, F.T.C. v. E.M.A. Nationwide Inc.*, 767 F.3d 611, 628 (6th Cir. 2014); *see, also, United States v. Private Sanitation Indus. Ass'n*, 811 F.Supp. 802 (2d Cir. 1992).  Further, the Officers' potential invocation of their Fifth Amendment privilege against self-incrimination is

-2-

not, in and of itself, a sufficient basis to justify an extended stay of civil proceedings. *See,*

*Rothstein v. Steinberg*, 2008 WL 5716526, 3 (N.D. Ohio 2008)(citations omitted).  At some

point, the private interests of the plaintiffs in proceeding expeditiously outweigh the other

interests at issue.

Therefore, both Plaintiff and Defendants' motions are hereby granted in part and denied

in part.  (ECF #41, 47).  The Court finds that the plaintiff's position will not be prejudiced by an

additional short delay to, hopefully, allow for the completion of the criminal investigation.

However, if the investigation is not complete by September 1, 2016, the stay will lift

automatically and Officers  Aldridge and Meyers will be required to file their responsive

pleadings no later than September 14, 2016.  IT IS SO ORDERED.


Donald C. Nugent
United States District Judge


Date: ___May 4, 2016___