

# GENERAL POLICE ORDER
# CLEVELAND DIVISION OF POLICE

| EFFECTIVE DATE: | REVISED DATE: | NO. PAGES: | NUMBER: |
|---|---|---|---|
| MARCH 1, 2002 | June 10, 2011 | 1 of 4 | 3.2.06 |

| SUBJECT: |
|---|
| HANDLING THE MENTALLY ILL |

| ASSOCIATED MANUAL: | RELATED ORDERS: |
|---|---|
|  | 7.2.03 |

| CHIEF OF POLICE: |
|---|
| *Michael McGrath, Chief* |

*Substantive changes are in italic*

**PURPOSE:** To establish guidelines for the Cleveland Division of Police to handle persons who are, or may be suffering from mental illness.

**POLICY:** The Division shall cooperate with Mental Health Services Inc. to deal with persons in need of a psychiatric evaluation. Mental Health Services Inc. may assist to determine the appropriate facility to which a mentally ill person shall be conveyed and offer suggestions for intervention. Officers shall cooperate with mental health agencies and hospitals. If a hospital has a policy forbidding weapons on their premises, officers shall give patients to hospital security and complete paperwork regarding the patient outside the weapons-restricted area. *The Division shall adhere to the provisions of Ohio Revised Code (ORC) 5122.11 Judicial Hospitalization.*

## PROCEDURES:

I. A psychiatric emergency exists when an officer learns of, or has custody of a person who is mentally ill and is likely to injure themselves or another. Under Sec. 5122.10 of the Ohio Revised Code, a police officer has authority to take such a person into custody involuntarily, and immediately transport the person to a hospital for psychiatric evaluation.

II. If *probable cause exists* that a person presents a risk of harm to themselves or others, officers shall stabilize any dangerous or potentially dangerous situation, *and take that person into custody* using handcuffs if necessary.

   A. *Per ORC 5122.10, officers shall make "every reasonable and appropriate effort... to take persons into custody in the least conspicuous manner possible. (The officer) taking the respondent into custody pursuant to this section shall explain to the respondent: the name, professional designation, and agency affiliation of the person taking the respondent into custody; that the custody-taking is not a criminal arrest; and that the person is being taken for examination by mental health professionals at a specified mental health*

003478



*facility identified by name."*

    B.    If the person is suffering from serious physical injury or illness, including drug overdose, officers shall convey the person to the nearest hospital. The hospital is responsible to transport persons, not under arrest, after medical treatment.

**III.**    Officers shall search conveyed persons before entering the mental health facility.

**IV.**    Conveying officers shall complete a Police Referral for Psychiatric Evaluation form, explain the reason the person is in custody and the symptoms of mental illness. The statement must include one of the following categories:

    A.    The person represents a substantial risk of physical harm to self, evidenced by threats of, or attempts at, suicide or other serious self-inflicted bodily harm.

    B.    The person represents a risk of physical harm to others as shown by violent behavior, evidence of recent threats that place another in fear, or other evidence of danger.

    C.    The person represents a risk of physical impairment or injury to self and unable to provide physical needs for self.

**V.**    After the person is admitted to the mental health facility, the conveying officers shall complete a Crisis Intervention report *and Crisis Intervention Team Statistic Sheet (attachment). The Crisis Intervention Team Statistic Sheet shall be forwarded to the Cleveland Police Academy.*

**VI.**    Officers shall execute *Temporary Orders of Detention (Probate Warrant) as required by ORC 5122.11 Judicial Hospitalization. In this instance, the court has already adjudicated that probable cause exists and officers need not independently verify that the person named in the warrant is a threat to themselves or others.*

    A.    Officers shall search a person taken into custody and convey the person to the hospital named in the order for admission.

    B.    Officers shall sign the warrant and return it to the Officer-In-Charge.

| PAGE: | SUBJECT: | GPO NUMBER: |
|---|---|---|
| 3 of 4 | HANDLING THE MENTALLY ILL | 3.2.06 |

VII. *Medical Certificate ("Pink Slip")*

    A. *A Medical Certificate, also known as a "Pink Slip", is a document issued by a health authority declaring that a person is a threat to themselves or others.*

    B. *There is no mandate that an officer seize a person based solely on the issuance of a Medical Certificate. Such a seizure requires sufficient probable cause. The Medical Certificate does not in and of itself provide probable cause. Sufficient probable cause shall be based on the contents of the Medical Certificate and the application of objective reasonableness by the officer. Officers shall rely on their own observation of the person's mental condition to justify seizing the person. Officers may contact Mental Health Services Inc. for further assistance in assessing if probable cause exists if the person refuses to cooperate.*

        1. *If probable cause exists for a seizure as initiated by the issuance of a Medical Certificate, officers shall require that the original signed Medical Certificate be attached to any paperwork required by the accepting mental health care facility.*

        2. *Officers shall take all the same precautions regarding searches and handcuffing as with any other such seizure.*

VIII. Conveying prisoners for psychiatric evaluation: A prisoner shall remain the responsibility of the Division after psychiatric treatment.

IX. Return of AWOLs (Absence without Leave) and those visiting from mental hospitals.

    A. Officers shall contact the hospital by telephone (or C.C.S.) before returning the person, to confirm acceptance of the person. If the hospital will not accept the AWOL patient, officers shall determine if the person needs psychiatric evaluation. If so, officers shall contact Mental Health Services Inc. to arrange a psychiatric evaluation according to procedures.

    B. If officers have an AWOL patient from a non-local hospital, officers shall contact Mental Health Services, Inc. to arrange for a psychiatric evaluation.

    C. If a sponsor or family member, of a patient on a trial visit, requests return of the patient, officers shall contact the hospital from which the patient is

003480

| PAGE: | SUBJECT: | GPO NUMBER: |
|---|---|---|
| 4 of 4 | HANDLING THE MENTALLY ILL | 3.2.06 |

released to determine the proper action.

**X.** Voluntary admissions and advice to relatives

    A. In non-emergency cases of suspected mental illness, officers shall advise the family or guardian to consult Mental Health Services Inc., a physician, general hospital, public mental health hospital, or seek assistance from Probate Court. Officers shall also provide the 24-hour hotline number for Mental Health Services Inc., (216) 623-6888.

    B. In non-emergency cases of suspected mental illness with no relative or guardian available, officers shall encourage the person to contact Mental Health Services Inc. for available services, or shall offer to transport the person to a hospital for psychiatric evaluation.

**XI.** Request for assistance at mental health crisis shelters.

    A. Officers shall respond to the shelter to stabilize the situation, calling Mental Health Services Inc. is not necessary. If officers need to consult with the Mental Health Services Inc., they shall consult with the team after they have stabilized the situation at the shelter.

    B. Shelter staff will inform the officers of arrangements they have made. If they include transport to another facility, the officers shall make the transport.

MM/LM/JCO/ajg
Policy & Procedures Unit
Attachment

# CLEVELAND DIVISION OF POLICE
## CRISIS INTERVENTION TEAM STATISTIC SHEET

Date_____ Nature of Call_____ Location_____
Time Rec'd from CCS_____ Arrival time_____ Zone_____ CAD#_____
Call Source (check one): __ EMS  __ Family  __ Case Worker  __ Z/C(on view)  __ Other

### SUBJECT
Last Name_____ First Name_____ MI____ Age____
Address_____ Sex_____ Height_____ Weight_____
Hair Color_____ Hair Type_____ Eye Color_____ Complexion_____
Facial Hair_____ DOB_____ SSN_____

### EQUIPMENT/TECHNIQUE USED
____ Verbal de-escalation techniques    ____ Handcuffs    ____ OC Pepper Spray
____ Taser:  ____ display/laser sight only  ____ drive stun  ____ fired
____ Other (baton, takedown, firearm, etc). _____

### SUBJECT INJURIES
____ Prior to police arrival
____ During police involvement
____ None / Unknown

### OFFICER INJURIES
____ Slight
____ Severe
____ None / Unknown

### FINAL DISPOSITION (check all that apply)
____ Arrested    ____ Pink Slipped to SVCH    ____ Pink Slipped to Private Hospital ER
____ Voluntary to SVCH    ____ Voluntary to Private Hospital ER
____ Referred to outpatient mental health treatment
____ Complaint unfounded requiring no police action
____ Subject stabilized
____ Other (RMS report number _____)
____ EMS handled
____ Use of Non-deadly Force report made

### ADDITIONAL COMMENTS
____ Individual requires Mental Health Service Referral
Other:_____
_____

### TRANSPORTING
____ Subject transported by CPD unit_____ to Dist/County Jail____ Time_____
____ Subject transported by EMS to_____ Time_____
____ Subject transported by private ambulance/auto to _____

If transported by CPD, time spent by officers at SVCH _____ hours _____ minutes

Overall experience with SVCH    ____ Excellent ____ Good ____ Fair ____ Poor

CIT Officer / Badge # _____    Badge# _____

*Forward to Police Academy via Divisional Mail*

Revised June 2011

003482

003483



# GENERAL POLICE ORDER
# CLEVELAND DIVISION OF POLICE

| EFFECTIVE DATE: MARCH 1, 2002 | REVISED DATE: | NO. PAGES: 1 of 1 | NUMBER: 6.1.01 |
|---|---|---|---|
| SUBJECT: | CRISIS INTERVENTION REPORT | | |
| ASSOCIATED MANUAL: | RELATED ORDERS: 3.2.06 | | |
| CHIEF OF POLICE: | *Edward F. Lohn, Chief* | | |

**PURPOSE:** To set guidelines to make a Record Management System (RMS) report for a person who is taken into temporary custody to provide for their safety or the safety of others.

**POLICY:** An incident may require police action although there is no violation of the law and the Cleveland Division of Police shall document such action in a Crisis Intervention Report.

**DEFINITION:**

**Temporary custody** is the police activity required to convey a person who is in crisis for a psychiatric evaluation and/or hospital commitment.

**Crisis** is a situation in which an individual exhibits abnormal mental or physical behavior that threatens the safety of themselves or others but is not a violation of the law.

**PROCEDURES:** Officers who handle the assignment shall make a Record Management System (RMS) Crisis Intervention Report. Probate warrants are court orders and their execution may create a situation that requires a Crisis Intervention Report.

I. The individual who causes the police action is the victim for report purposes.

II. The officers who make the report are the reporting persons.

III. The narrative shall contain incident facts and the police units present, i.e. Special Weapons and Tactics Unit, Crisis Negotiation Team.

IV. In the contact section, if applicable, note the hospital the victim is taken to and the name of the treating physician.

EFL/TAH/LM/pmz
Policy & Procedures Unit



008420

 

# GENERAL POLICE ORDER
# CLEVELAND DIVISION OF POLICE

| EFFECTIVE DATE: OCTOBER 27, 2004 | REVISED DATE: | NO. PAGES: 1 of 2 | NUMBER: 3.2.17 |
|---|---|---|---|
| SUBJECT: CRISIS INTERVENTION OFFICERS ||||
| ASSOCIATED MANUAL: | RELATED ORDERS:: 3.2.06, 6.1.01, 9.1.02 |||
| CHIEF OF POLICE: *Edward F. Lohn, Chief* ||||

**PURPOSE:** To institute Crisis Intervention officers within the Cleveland Division of Police and to develop guidelines for utilizing these officers.

**POLICY:** The Division shall provide Crisis Intervention Training (CIT), for officers, to respond to radio calls and on view incidents that involve mental health issues. Calls shall not be held for CIT officers when engaged in priority assignments. CIT officers do not negate procedures for SWAT, hostage negotiations, or Bomb Squad call-ups. An incident may require police action although there is no violation of the law and the Cleveland Division of Police shall document such action in a Crisis Intervention Report. A Crisis Intervention Team Statistic Sheet (see Appendix) shall be completed and copies forwarded as set forth in this order.

## PROCEDURES:

I. Supervisor shall indicate on the daily car roster which cars have CIT officers when faxing their log to the Communication Control Section following roll call.

II. CIT Officer Responsibilities.

  A. CIT officers may be utilized in their district of assignment, when on duty if a mental health issue is involved in a call for service or on view incident.

  B. Mental health calls are a two-person assignment, however, one CIT officer and any other basic patrol officer may be assigned or respond.

  C. CIT officers shall forward the white and canary yellow copies of the Crisis Intervention Statistic Sheet to the Police Academy via division mail.

III. CCS dispatchers shall attempt to dispatch a CIT officer to mental health disturbance calls if open, however, these two person assignments permit assigning to or assisting by any other officer when a CIT officer is already on an assignment.

PLAINTIFF'S EXHIBIT 10  2-26-16

008240

| PAGE: 2 of 2 | SUBJECT: CRISIS INTERVENTION OFFICERS | GPO NUMBER: 3.2.17 |
|---|---|---|

IV. The Training Section Supervisor Responsibilities

    A. Shall provide CCS with a list of current CIT personnel biannually.

    B. Shall retain the white copy of the Crisis Intervention Statistic Sheet in accordance with standard record retention policies and procedures.

    C. Shall forward the canary yellow copy of the Crisis Intervention Statistic Sheet to the Cuyahoga County Community Mental Health Board.

EFL/TAH/MB/lds
Policy & Procedures Unit
Appendix

008241